NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

May 29, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1732

IN RE:   JOHN H. DAVIS,                                    Attorney Disciplinary Proceeding
       *Respondent*.

## O R D E R

We issued an order directing Attorney John H. Davis to show cause why he should not be subject to discipline for failure to comply with court rules and for unprofessional conduct, including his refusal to heed straightforward directions from a district judge. Davis filed his response, but it does not alleviate our concerns about his professional competence. We therefore conclude that Davis should be removed from the bar of this court. *See* FED. R. APP. P. 46.

We briefly recount the facts. Davis—purporting to represent himself, his ex-wife, and his estranged adult son who suffers from autism—filed a 574-page complaint against 16 named defendants and 20 John Does alleging that they unlawfully took custody of his son in a child-welfare action. The complaint was accompanied by 429 pages of exhibits and a motion for a temporary restraining order. The district judge predictably struck the bloated pleading and denied the motion. At the hearing on the motion, the judge gave Davis explicit instructions for how to file a competent complaint. Davis agreed that "[i]t doesn't take 550 pages" to satisfy the pleading requirements in the Federal Rules of Civil Procedure. The judge specifically ordered

Davis to avoid the "kitchen sink" approach to pleading, and he also noted that the complaint failed to separately number paragraphs as required by Rule 10(b).

Despite these instructions, Davis filed a 165-page amended complaint with the same 429 pages of exhibits. The amended complaint suffered from many of the same deficiencies as the original. Among many other problems, it omitted paragraph numbers, continued the "kitchen sink" approach the district judge specifically cautioned against, and contained gratuitous accusations against nonparties. The judge unsurprisingly dismissed the amended complaint with prejudice.

We affirmed that decision and expressed concerns about Davis's professional competence to represent the interests of his clients. *See Davis v. Anderson*, 718 F. App'x 420, 424–25 (7th Cir. 2017). Our main concern was that the quality of Davis's work fell far below the standards expected of members of this court's bar. In particular, Davis refused to follow simple instructions from the judge and made frivolous arguments to this court in a woefully substandard appellate brief. His conduct appeared to us to be willful because he continued to press the patently frivolous argument that he had, in fact, complied with federal pleading standards. We also questioned Davis's simultaneous representation of himself, his former wife, and his estranged adult son; specifically, we were skeptical that he had communicated adequately with his son as required by Indiana's Rules of Professional Conduct. We therefore ordered Davis to show cause why he should not be removed from the bar of this court or otherwise disciplined, *see* FED. R. APP. P. 46(b), (c), and we forwarded a copy of our order to the Indiana Supreme Court Disciplinary Commission.

Davis sought rehearing en banc, but that pleading too was frivolous. On January 23, 2018, we denied the petition for rehearing. Order, ECF No. 73. On February 7, 2018, the Indiana Disciplinary Commission informed us by letter that Davis's representation of himself, his former wife, and his estranged son did not violate the Indiana Rules of Professional Conduct. The Commission expressed no opinion on Davis's violation of court rules and the district judge's instructions.

Davis has responded to our order to show cause, but he has not addressed our concerns about his professional competence. Indeed, his response does not mention his refusal to heed the district judge's orders, his unwillingness or inability to file a complaint that complied with the rules of procedure, and his persistent and frivolous insistence that he has, in fact, complied with the rules. Rather, Davis discusses his duties as a father and his time as an Indiana prosecutor and public defender. He also argues that our merits order was erroneous.

But our order to show cause was not an invitation to relitigate the merits of this appeal. And Davis's unwillingness or inability to respond to our unambiguous concerns about his professional competence—not to mention the concerns of the district judge—plainly establishes that he cannot adequately represent his own interests, let alone those of his clients. That cements our initial view that Davis should not be permitted to continue to practice in our court.

Accordingly, IT IS ORDERED that Davis be removed from the roll of attorneys admitted to practice before this court. We direct the Clerk of Court to send copies of this order to the Indiana Supreme Court Disciplinary Commission and to the clerks of each district court within the circuit. Davis must send a copy to any other jurisdiction in which he is licensed to practice law.